```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**RICKEY CARTER,**

                             Plaintiff,

                                                    CIVIL ACTION
        vs.                                               No. 05-3402-SAC

**LOUIS E. BRUCE, et al.,**

                             Defendants.

### ORDER

This matter is before the court on a complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas.[1] Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Plaintiff seeks injunctive relief and damages for defendants' alleged violation of plaintiff's rights under the Interstate Agreement on Detainers Act (IADA). Having reviewed the materials submitted by plaintiff, the court directs plaintiff to supplement the complaint to more fully demonstrate plaintiff's exhaustion of administrative remedies on this claim.

The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

---

[1] It appears plaintiff may have been released to a Nevada detainer shortly after plaintiff executed and mailed his complaint.

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). "The Supreme Court has held that [42 U.S.C.] 1997e(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.'" Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quoting* Porter v. Nussle, 534 U.S. 516, 524, 532 (2002)).

Plaintiff bears the burden of pleading exhaustion of administrative remedies, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele, 355 F.3d at 1211. Full exhaustion of administrative remedies on all claims is required. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)("total exhaustion" rule applies to 1997e(a)).

In the present case, plaintiff documents a recent administrative response by the Kansas Secretary of Corrections to an administrative appeal filed by plaintiff regarding Grievance Number BA00013158, but plaintiff provides no copies of that grievance or the administrative responses filed by the unit team or warden. Because the Secretary's brief response provides no information concerning the issues raised in Grievance Number BA00013158 or the substance of the underlying administrative

responses adopted by the Secretary, plaintiff must make a greater showing that the claim asserted in the instant complaint was presented in the cited grievance.  *See* <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005)(district court not precluded from dismissing complaint where non-exhaustion of remedies is apparent on face of the complaint, or from inquiring on its own motion as to whether prisoner exhausted available administrative remedies).  The failure to file a timely response may result in the complaint being dismissed without prejudice, 42 U.S.C. 1997e(a), and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is thirty (30) days to supplement the complaint to avoid dismissal of this action without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2005 at Topeka, Kansas.


 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge