```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**RICKEY CARTER,**

                         **Plaintiff,**

                                                  CIVIL ACTION
          **vs.**                                                No. 05-3402-SAC

**LOUIS E. BRUCE, et al.,**

                         **Defendants.**

<u>ORDER</u>

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner while incarcerated in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. By an order dated November 1, 2005, the court directed plaintiff to supplement the record to adequately demonstrate his exhaustion of administrative remedies. 42 U.S.C. § 1997e(a). The court has reviewed plaintiff's response and finds a sufficient showing to avoid dismissal of the complaint pursuant to 42 U.S.C. § 1997e(a).

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the full district court filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff may pay the district court filing fee over time as provided by payment of an initial partial filing fee as set forth in § 1915(b)(1), and thereafter by automatic payments from plaintiff's inmate trust fund account as authorized by § 1915(b)(2). Having considered plaintiff's financial records, the court finds no initial

partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $250.00 district court filing fee in this civil action, pursuant to 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages[1] for the alleged violation of his rights under the Interstate Agreement on Detainers Act (IADA) and the United States Constitution. The defendants named in the complaint are Kansas Department of Corrections (KDOC) Secretary Werholtz, KDOC Secretary Designee Cummings, HCF Warden Bruce, HCF Head of Records Staff Wills, HCF Records Specialist Schneider, and HCF Records Staff Wilson.

Plaintiff states he submitted a request to HCF officials on July 17, 2004, asking them to file notice to Nevada officials under

---

[1] Plaintiff also seeks injunctive relief, namely no retaliation by defendants for his filing of the instant complaint. Plaintiff's report of his release from KDOC custody moots this request. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions); Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

IADA that plaintiff was asserting his right to a speedy trial on outstanding Nevada charges.  When Nevada failed to transport plaintiff to stand trial within 180 days of plaintiff's IADA demand for disposition, plaintiff assumed the outstanding Nevada charges had been dismissed.  However, plaintiff cites his discovery from a KDOC Unit Team Member on September 6, 2005, that HCF records staff had refused to file the IADA notice.

Plaintiff first claims defendant Schneider negligently failed to properly file the IADA notice, and contends all supervisory defendants are responsible for Schneider's actions.  Second, plaintiff claims defendants negligently failed to take corrective action or notify plaintiff when the Nevada detainers remained active after 180 days.  Third, plaintiff claims defendants caused him mental stress by their alleged violation of his rights under the 5th, 6th, 8th, and 14th Amendments. Plaintiff seeks damages for the alleged violation of his rights, and costs for all his Nevada court proceedings.

The Warden's response to plaintiff's emergency grievance indicated that plaintiff was facing multiple charges in both municipal and district courts in Nevada, and that Nevada officials never separated and forwarded to appropriate entities the demand for disposition as requested by the HCF Records Department.  The Warden further noted that plaintiff thereafter agreed, and then withdrew, his waiver of extradition to Nevada for trial on the outstanding charges, and that plaintiff was to be held in the Reno County, Kansas, jail pending Nevada's pursuit of extradition.  It appears

plaintiff was released October 10, 2005, to the Nevada detainers. There is no further information in the record regarding the status of plaintiff's Nevada charge, or of any change in plaintiff's last reported address at the jail in Reno County, Kansas.

Having reviewed the record, the court finds the complaint is subject to being dismissed for the following reasons.

To the extent plaintiff seeks damages from officials based solely on their alleged supervisory responsibility, no claim for relief under 42 U.S.C. § 1983 is stated absent a showing of each defendant's personal participation in the alleged violation of plaintiff's rights. Plaintiff may not rest on the doctrine of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976). *See e.g.*, Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

To the extent plaintiff seeks damages under the 5th, 6th, 8th, and 14th Amendments for the alleged negligence of any defendant, no cognizable claim for relief under 42 U.S.C. § 1983 is stated because a negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). *See* Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required to show constitutional deprivation).

Although the violation of plaintiff's rights under the IADA can

4

itself present a cognizable claim under 42 U.S.C. § 1983, Cuyler v. Adams, 449 U.S. 433 (1981), plaintiff's allegations fall far short of doing so in this case.  There is no allegation that the warden failed to properly inform plaintiff of the outstanding Nevada charges, or failed to notify plaintiff of his right to  to request a final disposition of those charges.  *See* K.S.A. 22-4401, Article III(d).  To the extent plaintiff alleges defendants failed to process his request for disposition of the Nevada charges, *see* Id., Article III(e), the administrative responses to plaintiff's grievance clearly refute such a claim.  Plaintiff complains that Kansas officials failed to recognize and notify plaintiff of apparent error in that the Nevada detainers remained active after 180 days, but no violation of any established right under the IADA is presented by these allegations.

Plaintiff's demand for disposition of the Nevada charges appears to have floundered after it was received by Nevada officials, and the courts in Nevada would be the appropriate venue for seeking dismissal of the Nevada charges based on any alleged noncompliance with IADA.  Additionally, absent a showing the Nevada charges had been dismissed or otherwise set aside, plaintiff's claim for damages is arguably not cognizable under 42 U.S.C. § 1983.  *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994)("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice.

Plaintiff's motion for appointment of counsel is denied. The court has considered plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, and finds the appointment of counsel in this matter is not warranted. See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff's motions to proceed in forma pauperis (Docs. 2 and 3) are granted.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 2) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty days to show cause why the complaint should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 27th day of April 2006 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge